IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CRIMINAL ACTION |
| v. | : | NO. 08-201 |
| | : | |
| DENNIS BURNETT, | : | CIVIL ACTION |
| Defendant. | : | NO. 13-2231 |

MEMORANDUM

Pratter, J.                                                                                                                                  May 29, 2015

Following his decision to enter a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (hereinafter "Rule 11") to two counts of robbery, one count of conspiracy to commit robbery, and one count of using or carrying a firearm during and in relation to a violent crime, Petitioner Dennis Burnett filed a *pro se* petition for a writ of habeas corpus [Doc. No. 247] under 28 U.S.C. § 2255. The Court denied that petition, and the Third Circuit Court of Appeals denied Mr. Burnett's application for a certificate of appealability. Now Mr. Burnett seeks to again attack his guilty plea and sentence by filing what he has designated a "Hazel Atlas/Independent Action in Equity Based on Fraud Upon the Court." For the reasons discussed below, Mr. Burnett's *Hazel-Atlas* motion will be denied and transferred to the Third Circuit Court of Appeals as an application to file a second or successive motion pursuant to 28 U.S.C. § 2255.

I.     BACKGROUND

On May 12, 2009, Mr. Burnett was charged in a third superseding indictment [Doc. No. 90] with one count of conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. 1951(a) (Count 1); two counts of Hobbs Act robbery, and aiding and abetting the commission of

1

Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 2 and 4); and two counts of using and carrying a firearm, and aiding and abetting the using and carrying of a firearm, during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 3 and 5). These charges were brought after Mr. Burnett conspired with others to rob a number of pharmacies in Pennsylvania and Maryland to obtain prescription drugs for resale on the street [Doc. No. 90].

Mr. Burnett proceeded to trial on these charges on July 13, 2009. The next day, during jury selection for his trial, Mr. Burnett chose to enter into a plea agreement pursuant to Rule 11(c)(1)(C). After extensive negotiations, and in consultation with his attorney, Mr. Burnett decided to plead guilty to the conspiracy count, the two Hobbs Act robbery counts, and one of the § 924(c) offenses. July 14, 2009 Tr. at 13:19-24 (hereinafter "Plea Tr."). To that end, Mr. Burnett entered into a plea agreement with the Government, in which the parties stipulated to a sentence that included 25-years' imprisonment. Plea Tr. at 14:18-21.

Following the plea hearing, Mr. Burnett's counsel withdrew from the case [Doc. No. 174], and Mr. Burnett filed a *pro se* motion to withdraw his guilty plea on October 7, 2009 [Doc. No. 184]. After a hearing, the Court dismissed the motion to withdraw the plea without prejudice on October 14, 2009 [Doc. No. 191] and appointed new counsel.

On December 23, 2009, Mr. Burnett's new counsel moved to withdraw the guilty plea, arguing that the plea was not knowing and voluntary because he was emotionally distraught at the time of the plea hearing [Doc. No. 202]. After a hearing, the Court denied the motion [Doc. No. 217] and imposed the agreed-upon sentence of 25 years' imprisonment [Doc. No. 223]. Mr. Burnett appealed this sentence [Doc. No. 224] for the same reasons put forth in his motion to

withdraw his guilty plea, and the Court of Appeals for the Third Circuit affirmed the denial of his motion to withdraw his plea. *United States v. Burnett*, 452 F. App'x 81 (3d Cir. 2011).

On April 26, 2013, Mr. Burnett filed a motion for habeas corpus relief under 28 U.S.C. § 2255 [Doc. No. 247]. Mr. Burnett also moved [Doc. No. 246] for recusal of this Court from presiding over the habeas corpus proceeding, arguing that comments by the Court during the plea colloquy implicated § 455(a) of the federal recusal statute. The Court declined to recuse from consideration of the habeas petition, and the Third Circuit Court of Appeals upheld the Court's denial of Mr. Burnett's recusal motion. *See In re Burnett*, No. 13-3418, 2013 WL 5540128, at *2 (3d Cir. Oct. 9, 2013).

In his habeas petition, he argued that the same comments that were the subject of his recusal motion violated Rule 11(c)(1), in that they reflected impermissible Court participation in plea negotiations. He also sought to withdraw his plea because he claimed that the Court declined to follow the stipulation in his plea agreement regarding a downward departure for acceptance of responsibility. The Court denied his petition, holding that the comments did not amount to Court participation, as plea negotiations were not ongoing at the time the comments were made, and that the agreement to the downward departure was only an agreement that Mr. Burnett had accepted responsibility at the time the plea agreement was signed, not an agreement that the Government would continue to recommend a downward departure, regardless of Mr. Burnett's actions following the entry of the plea agreement. [Doc. No. 263]. The Third Circuit Court of Appeals denied Mr. Burnett's application for a certificate of appealability. [Doc. No. 278].

Now Mr. Burnett attempts to bring a motion under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), as well as an "independent action for fraud on the court."

3

Essentially, Mr. Burnett claims that co-defendant David Spikes was identified, during sworn testimony by law enforcement personnel elicited by an AUSA, as the sole perpetrator of a December 2, 2007 robbery of a Rite Aid store, and that later, Mr. Spikes actually confessed and pleaded guilty to committing that crime. Mr. Burnett claims that after Mr. Spikes pleaded guilty to being the sole perpetrator to the crime, the same law enforcement officer testified under oath, questioned by the same AUSA, that *Mr. Burnett* was the sole perpetrator of the same robbery that Mr. Spikes had confessed to committing. He also claims, among other things, that the Government intentionally lied about his criminal history in a pretrial detention motion. He asks that the Court vacate his sentence and dismiss the indictment against him.

## II. DISCUSSION

In *Hazel-Atlas*, 322 U.S. 238, the Supreme Court held that a federal court could grant relief in equity from the court's own prior final judgment under certain rare circumstances, including when there is "after-discovered fraud." *Id.* at 244. A *Hazel-Atlas* claim for fraud requires clear and convincing evidence that there was "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005). *Hazel-Atlas*, however, concerned fraud on the court in the context of a civil case. The Third Circuit Court of Appeals held in *United States v. Washington* that, while in civil actions the court has long exercised "an inherent power to vacate its own judgment when the judgment was procured by fraud on the court," the same is not true in criminal actions. *United States v. Washington*, 549 F.3d 905, 911 (3d Cir. 2008). The *Washington* court found that even if "federal courts ever had the inherent power to vacate criminal sentences that were procured by fraud, '[w]hatever the scope of this "inherent power," . . . it does not include the power to develop rules that circumvent or conflict with the Federal

Rules of Criminal Procedure.,'" and that therefore the only ways to modify or vacate a sentence after the fact are those explicitly provided by statutes and the Federal Rules of Criminal Procedure. *Id.* at 917 (quoting *Carlisle v. United States*, 517 U.S. 416, 426 (1996)).

Even if this Court is permitted to consider whether Mr. Burnett can meet the exacting standards of *Hazel-Atlas* and its progeny, however, the initial question is whether this Court has jurisdiction to consider the merits of Mr. Burnett's motion. Unfortunately, the Third Circuit Court of Appeals has yet to issue a precedential opinion on whether a post-conviction motion for relief from judgment under *Hazel-Atlas* should be treated as a § 2255 motion. Indeed, as noted by another court in this District, the Third Circuit Court of Appeals' analysis of this issue in non-precedential "has run the gamut." *See United States v. Rodriguez*, Criminal Action No. 98-362-12, 2012 WL 162297, at *5 (E.D. Pa. Jan. 18, 2012) (discussing non-precedential Third Circuit opinions that range from classifying a *Hazel-Atlas* motion as distinct from a § 2255 motion to suggesting that *Hazel-Atlas* motions are equivalent to § 2255 motions). This question is crucial here – if the *Hazel-Atlas* motion (or "independent action," as Mr. Burnett alternatively calls it) is treated like a § 2255 motion, it is a second or successive petition, and Mr. Burnett must procure a certificate of appealability from the Third Circuit Court of Appeals before this Court can consider the merits. If it is not, the Court may consider the merits now, including whether Mr. Burnett waived a challenge like the one he attempts to mount when he accepted his plea agreement.

Given the confusion created by the conflicting signals sent by the Third Circuit as to how to classify a *Hazel-Atlas* motion when it may impact a previous criminal proceeding, the *Rodriguez* court looked to the jurisprudence surrounding Federal Rule of Civil Procedure 60(b) motions, a similar vehicle for attacking a judgment and one with a much more settled body of

case law.  *See Rodriguez*, 2012 WL 162297, at *5.  First, the Court must determine whether the Rule 60(b) motion attacks the prisoner's underlying judgment of conviction or sentence, or attacks a prior judgment entered in post-conviction relief proceedings.  *See Gonzalez v. Crosby*, 545 U.S. 524, 530-36 (2005).  If it attacks the former, it is treated as a collateral attack on the conviction, and is subject to the limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *Id.* at 531; *see also Nicholas v. Patrick*, Civ. A. 06-1680, 2015 WL 2236674, at *1-2 (E.D. Pa. May 11, 2015) ("The Court must first determine whether petitioner's *Hazel–Atlas* Motions are in essence second or successive habeas petitions.").  Making this distinction is particularly appealing in this context, given the Third Circuit Court of Appeals' clear signal in *Washington* that *Hazel-Atlas* motions may not be used to attack judgments in criminal proceedings beyond what is permitted by statute and procedural rule.  Indeed, the holding in *Washington* suggests that a *Hazel-Atlas* motion attacking a conviction or sentence would be subject to the same statutory restrictions as any other collateral attack on a criminal conviction or sentence, including the AEDPA.

Here, it is quite clear that Mr. Burnett seeks to attack his guilty plea and sentence, not any collateral proceedings in this case.  His complaint boils down to one of prosecutorial misconduct before the grand jury, which he claims tainted the proceedings that followed, including his indictment, and for relief, he seeks to have his sentence vacated and the indictment dismissed.  Thus, he directly attacks the criminal proceeding, not the § 2255 civil proceeding, with his *Hazel-Atlas* motion, and the Court must dismiss his claim, without prejudice to renew it should the Third Circuit authorize the filing of a second or successive petition.

**III.**   **CONCLUSION**

For the reasons discussed above, Mr. Burnett's *Hazel-Atlas* motion/independent action is dismissed without prejudice for lack of subject matter jurisdiction, and transferred to the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as an application to file a second or successive § 2255 motion. An appropriate order follows.

BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge